LUKE SMITH *vs.* JOHN SWETT.

*Action for malicious prosecution against an officer.*

The plaintiff in an action against an officer of the law for malicious prosecution cannot maintain exceptions on account of an imperfect definition in the judge's charge of malice in fact, when the case shows that the defendant acted upon information derived from others, apparently sufficient to establish the existence of probable cause, and there is nothing in the case, as presented to this court, to indicate that injustice was done by the verdict.

ON EXCEPTIONS.

The plaintiff was arrested upon a warrant issued upon a complaint for larceny against him, made to the municipal court of Portland, by the defendant, as city marshal of that city, upon information furnished by the person whose property had been stolen and by the city marshal of Biddeford and others. After a return of, and hearing upon the warrant, the defendant was discharged. Upon the question of malice the jury were instructed that, "there is another element which it is conceded by both parties must enter into the proceedings, in order to entitle the plaintiff to recover, and that is the prosecution must have been instituted from malicious motives. Both parties concede that it must be malice in fact as contra-distinguished from malice in law. It sometimes becomes a little difficult to draw the exact dividing line between the two. Wilfully doing an unlawful act is malice in law, as to the man whose rights are invaded; but it does not always follow that it is malice in fact, which has the ordinary signification attached to it; it is the entertaining of some hostile

Smith *v.* Swett.

feeling towards an individual, and not simply doing an unlawful act knowing it to be unlawful, but it is the entertaining of some hostile feeling towards some individual, and doing the act in that hostility toward him."

The jury were then referred to the evidence to ascertain whether or not there was this malice in fact; and were directed to consider the fact that there was no previous acquaintance between these parties, or knowledge of each other's existence; the defendant's official capacity; his reason for making the complaint; whether or not he had any selfish end to answer, or any possible motive to punish the plaintiff; very pertinent questions in determining whether or not there was malice in fact. To the foregoing instruction and remarks the plaintiff excepted. It appears by the exceptions that the jury were also told that malice in fact might be inferred; might be proved as conclusively from facts and circumstances as from declarations; that the prosecution of a charge without any knowledge of its truth, or of the person accused, or any evidence of his guilt, though made by one having no acquaintance or dealings with the accused, and, therefore, not supposed to have any particular enmity against him, might, under some circumstances, justify a jury in finding there was malice in fact, because the law presumes a man to intend the natural consequences of his act. At the plaintiff's request, the presiding justice further instructed the jury "that if a party proceed against another without any probable cause, except the knowledge that an offence had been committed, from that fact, if I were a juryman, I should feel at liberty to infer actual malice, because the law presumes that a man intends the natural consequences that flow from his acts." The verdict was for the defendant.

*S. W. Luques,* for the plaintiff, cited *Humphries* v. *Parker,* 52 Maine, 507; *Parker* v. *Farley,* 10 Cush., 281; *Mitchell* v. *Jenkins,* 5 B. & A., 594, and 1 Hilliard on Torts, 464, 465.

*Jos. W. Symonds,* for the defendant.

Nat. Exchange Bank *v.* Abell.

VIRGIN, J. To maintain an action for malicious prosecution not only malice on the part of the defendant must be proved, but also a want of probable cause.

The case finds that the defendant was the city marshal of Portland, and as such made the complaint upon the information derived from others among whom were the owner of the property and the city marshal of Biddeford. There being no other evidence reported upon this branch of the case, it apparently is sufficient to show there was probable cause.

The judge's instruction on the subject of malice was imperfect, and technically incorrect; but the illustrations were quite as favorable to the plaintiff as he was entitled to. Actions of this nature against officers are not to be too much encouraged since in a large majority of cases, as in this, they are obliged to act at once, and upon information derived from others. *Cloon* v. *Gerry*, 13 Gray, 202.

There is nothing in this case as presented to this court to indicate that injustice was done by the verdict.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and PETERS, JJ., concurred.